UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/06
```

BARCLAYS BANK PLC,

      Plaintiff,

-v-

BARCLAYS CAPITAL MARKETS LLC and
MAYFAIR ADVISORS, LTD.,

      Defendants.

Case No. 05-CV-7035(KMK)

ORDER

KENNETH M. KARAS, District Judge:

  Joel K. Bomart, Esq., counsel for Mayfair Advisors, Ltd. ("Mayfair"), has moved by Order to Show Cause to withdraw as counsel for Mayfair in this case. On December 8, 2006, the Court heard from Bomart, and Plaintiff's counsel, who did not object to Bomart's withdrawal.[1] Bomart states in his declaration that he and his client are "in serious disagreement as to the actions to be taken . . . and approaches and strategies" to be adopted in this case. (Bomart Decl. ¶ 13.) Bomart further states that his withdrawal is necessary because his "continued representation of Mayfair would place [him] in violation" of his obligations under the N.Y. Code of Professional Responsibility.[2] (*Id.* ¶ 3.) This is the second time, albeit for different reasons, that Mayfair's counsel has sought to withdraw from their representation of Mayfair. (*Id.* ¶¶ 8-9.)

  Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that "[a]n attorney who has appeared as attorney of

---

[1] Although the Order to Show Cause called upon Mayfair to appear before the Court, Mayfair failed to appear.

[2] Bomart has refused to reveal the precise nature of the ethical issues that compelled him to withdraw from his representation of Mayfair on the grounds that revealing that information would be in contravention of the attorney-client communication privilege.

record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." The Court finds that Bomart's inability to agree on an effective legal strategy that would not compromise Bomart's ethical obligations is satisfactory reason to allow Bomart to withdraw from his representation of Mayfair.

Mayfair has until January 5, 2007 at 11:45am to retain new counsel and inform the Court, in person, of its choice. If Mayfair fails to retain new counsel by that date, the Court will entertain a motion for a default judgment from Plaintiff as Mayfair may not represent itself. Mr. Bomart is to serve a copy of this Order on Mayfair.

SO ORDERED.

Dated:     December 12, 2006
           New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE